Dawn L. Davis, Esq.
Nevada Bar No. 13329
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: ddavis@swlaw.com

Jonathan P. Hersey, Esq.
(*pro hac vice application forthcoming*)
Lea E. Gierut, Esq.
(*pro hac vice application forthcoming*)
K&L GATES LLP
1 Park Plaza, 12th Floor
Irvine, California 92614
Telephone: (949) 253-0900
Facsimile: (949) 253-0902
Email: jonathan.hersey@klgates.com
       lea.gierut@klgates.com

*Attorneys for Defendants*
*John Duff III, Henry Smith, and*
*Maxwell Roux*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KRISHNA OKHANDIAR, an individual, and REMILIA CORPORATION LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DUFF III, an individual, HENRY SMITH, an individual, and MAXWELL ROUX, an individual,<br><br>　　　　　Defendants. | Case No. 2:23-cv-1409- APG-EJY<br><br>**DECLARATION OF JOHN DUFF III IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(3), OR ALTERNATIVELY TO TRANSFER PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)** |

**DECLARATION OF JOHN DUFF III**

I, John Duff III, declare:

1. I am over the age of eighteen and make this declaration based on my personal knowledge. I submit this declaration in support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) or 12(b)(3), or Alternatively to Transfer Pursuant to 28 U.S.C. §§ 1406(a) or 1404(a). I am competent to testify to the matters set forth in this declaration, and would do so competently if called to testify thereto.

2. I am a citizen and resident of the State of New York. My permanent residence is in New York, which is also where I work.

3. I have never lived in the State of Nevada. I do not have any bank accounts or other tangible personal or real property in Nevada.

4. I have only traveled to Nevada on one occasion in December 2020, which was a trip to celebrate a friend's birthday. I had previously met Mr. Okhandiar during college when he attended Illinois Institute of Technology in Chicago, Illinois. I stayed with Mr. Okhandiar during this birthday party trip, but we never discussed the idea of forming an NFT-related venture or any other business. We were just mutual friends of the person whose birthday I had come to Nevada to celebrate with.

5. From around January 2021 to the date this action commenced, I believed that Mr. Okhandiar was living and working in the State of Illinois. As far I as knew, he considered Chicago his permanent residence and he was living in a property that his family owned there. At no time do I recall Mr. Okhandiar ever telling me that he moved to Nevada.

6. At various times from August 2021 to February 2022, I visited and spent time in Chicago, Illinois. Mr. Okhandiar lived near where I was staying. In additional to meeting in group settings for social reasons, we met several times one-on-one and in-person to discuss what we called the "Remilia" venture and the NFT projects on which we were working together. At these meetings in Chicago, we discussed the eventual need to incorporate a company to handle the Remilia venture's contracts and its logistical and administrative tasks. Mr. Okhandiar called and referred to me a one of Remilia's co-founders on countless occasions.

7. While I was in Chicago in October 2021, Mr. Okhandiar provided me with a "Letter of Intent" that recognized my position as a co-founder of the Remilia venture and as having an executive role in the corporation that we planned to eventually incorporate to serve the Remilia collective venture's needs. I reviewed but did not sign the LOI at that time.

8. In November 2021, while I was living in Chicago, Mr. Okhandiar and I traveled to New York for NFT.NYC 2021, an event for the NFT community with panelists, speakers, and thought leaders. During this trip, both Mr. Okhandiar and I stayed at my parents' home.

9. In February 2022, I moved to New York. From then through July 2023, I lived in and traveled between New York and Szczecin, Poland, typically staying for at least a month in each location, but making various other trips discussed below.

10. In June 2022, I visited Lisbon, Portugal for two weeks, where I met together with Mr. Okhandiar, Mr. Roux and Mr. Smith for the first time.

11. In August 2022, I traveled to Warsaw, Poland to celebrate the launch of our Remilio project. During this visit, I once again met with the other Remilia founding members, where we discussed a new project I was working on called RemiChat, and our timeline and goals for that project.

12. While I was in Poland in November 2022, Mr. Okhandiar provided me with a copy of a Non-Disclosure Agreement ("NDA"). He informed me that he and the other founding members were signing the NDA, and asked me to sign it as well. This is also the first time I recall that Mr. Okhandiar mentioned that he had already formed a company called Remilia Corporation. I refused to sign the NDA without also being provided an agreement that guaranteed my right to an ownership equity interest in Remilia Corporation, which corporation Mr. Okhandiar told me would be governed by a shareholders agreement that he was preparing. Based on these representations, I signed the NDA, an amended LOI, and an agreement recognizing my ownership shares in Remilia Corporation. I signed the documents in Szczecin, Poland. I believe Mr. Okhandiar was living in Chicago, Illinois at the time we were negotiating and signed the agreements.

13. In April 2023, I traveled to Japan and South Korea for two weeks. The main purpose of the visit to Japan was to help promote and attend Remilia-Con 2023, which was a series of events

to celebrate the success of our business and the launch of a new project, Bonkler. After Remilia-Con 2023, I attended Mr. Okhandiar's wedding with the other Remilia founding members in Jinju, South Korea.

14. After attending Mr. Okhandiar's wedding in South Korea, the only other time I have seen him was briefly in June 2023 in New York City for a movie premiere. We never discussed any Remilia projects.

15. Other than in the instances described above, I have not met with or seen Mr. Okhandiar. During the course of our dealings, the majority of my communications with him have been by text, instant messages, and various chat/messaging applications, and occasionally by voice/phone conference.

16. I am not aware that Remilia has ever had any offices in Nevada, nor have I ever been to any offices owned by Remilia in Nevada or any other location. Until after this lawsuit was filed, I was not aware that Mr. Okhandiar claimed to be living full time in Nevada.

17. While working on Remilia related projects, I mainly used a cloud based platform through DigitalOcean Holdings, Inc. ("DigitalOcean") to store, develop, and host current and past projects.

18. DigitalOcean is a publicly traded multinational technology company and cloud service provider, incorporated in Delaware and headquartered in New York. Attached hereto as Exhibit 1 is a true and correct copy of selected and highlighted pages of DigitalOcean's 2022 10-K/A filed with the United States Securities and Exchange Commission that I was able to review and download from the SEC's website.

19. DigitalOcean provides developers with cloud infrastructure-as-a-service platform. According to DigitalOcean, it has numerous data centers located in foreign countries, but its only data centers in the United States are located in either New York City or San Francisco. Attached hereto as Exhibit 2 is a true and correct copy of the DigitalOcean's Regional Availability Matrix that I was able to view and download from its website. I never accessed a DigitalOcean server while I was in Nevada, and as far as I am aware, none of the DigitalOcean servers that I have ever accessed for any reason are located in Nevada.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed ____1/5/2024____, at New York, New York.

                DocuSigned by:
                *John Duff III*
                D0E31DC43126492...
                John Duff III

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed the foregoing **DECLARATION OF JOHN DUFF III IN SUPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(3), OR ALTERNATIVELY TO TRANSFER PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Lyndsey Luxford*
An employee of SNELL & WILMER L.L.P.

4853-5705-2830