Bradley W. Madsen
Nevada Bar No. 11644
MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121[1]
Telephone: 801.833.0500
Facsimile:  801.931.2500
bwmadsen@michaelbest.com

*Attorney for Plaintiffs Krishna Okhandiar
and Remilia Corporation LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KRISHNA OKHANDIAR, an individual, and REMILIA CORPORATION LLC, a Delaware limited liability company, | Case No.: 2:23-cv-1409-APG-EJY |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(3), OR ALTERNATIVELY TO TRANSFER PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)** |
| v. | |
| JOHN DUFF III, an individual, HENRY SMITH, an individual, and MAXWELL ROUX, an individual, | |
| Defendants. | |

Plaintiffs Krishna Okhandiar and Remilia Corporation LLC hereby respond to Defendants'

Motion to Dismiss Pursuant to Fed R. Civ. P. 12(b)(2) and 12(b)(3), or Alternatively to Transfer

Pursuant to 28 U.S.C. 1406(a) or 1404(a) ("Defendants' Motion").  Plaintiffs do not oppose

transfer of this matter to the District of Delaware to promote efficiency, economy, and to avoid

possibly inconsistent outcomes between related litigations.

---

[1] Pursuant to LR 11-1(b), attorney Jonathan Heaton is designated for local service at address 7285 Dean Martin Dr. Ste 180, Las Vegas, NV 89118.

## I.    INTRODUCTION

Plaintiff Okhandiar is a citizen and resident of the state of Nevada and Plaintiff Remilia Corporation LLC has its principal place of business in Las Vegas, Nevada.[2]  Defendants have now misappropriated more than $1,200,000 of assets owned by Plaintiffs by way of conspiracy, deceit, and extortion.  Accordingly, Plaintiffs initiated this action by filing their claims in Nevada on September 10, 2023.[3]

Defendants filed a separate Complaint in the Chancery Court of Delaware on September 22, 2023, which alleged facts and circumstances similar to those included in Plaintiffs' Nevada Complaint.[4]  Defendants' Delaware Complaint has been removed to the United States District Court for the District of Delaware.[5]  Hence, there are currently two cases involving overlapping parties, facts, and circumstances proceeding in two different districts.

Defendants' Motion identifies a possibility that "two similar cases involving the same parties and claims [may proceed] in different venues, thereby risking inconsistent results and wasting judicial and party resources."[6]  Plaintiffs agree this should be avoided.  Accordingly, although Plaintiffs are confident that jurisdiction and venue in Nevada are proper, they consent to transfer to the District of Delaware to promote efficiency and economy and to avoid the inconvenience and inefficiency of two similar cases involving nearly-identical parties proceeding in two different districts, separated by more than 2,500 miles.  Under the circumstances, transfer

---

[2]  *See* Plaintiffs' Complaint (Doc. No. 1), ¶¶1 – 2.
[3]  Doc. No. 1 (appearing as filed on 9/10/2023 and entered on 9/11/2023).
[4]  Defendants' Motion identifies the filing date and case number at fn. 1 therein.
[5]  Removal occurred on Sept. 27, 2023 and is proceeding as Case No. 1:23-cv-01056-GBW, as described in Defendants' Motion at fn. 1.
[6]  Defendants' Motion at p. 22.

of Plaintiffs' case to the District of Delaware is the most just and efficient way to dispose of Defendants' Motion.

## II.    PLAINTIFFS' CONSENT COMBINED WITH 28 USC §§ 1404(a) AND 1631 SHOULD RESULT IN TRANSFER TO DELAWARE

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a pending case "to any district or division to which all parties have consented."  Defendants' Motion seeks as a potential remedy the transfer of this case to the District Court for the District of Delaware.[7]  Plaintiffs, by way of this submission to the Court, are likewise consenting to transfer of this action to the District of Delaware.  Hence, Section 1404(a)'s requirements are satisfied and transfer to the District of Delaware is appropriate.  The Court's inquiry could conclude here but Plaintiffs respond to other scenarios and arguments in an abundance of caution and thoroughness.

Under 28 USCS § 1631, transfer is appropriate where the court finds "there is want of jurisdiction[.]"  In that circumstance, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court [. . .] in which the action or appeal could have been brought at the time it was filed[.]"  Defendants' Motion concedes that Plaintiffs' Complaint could have been brought in the District of Delaware.[8]

In this case, transfer to the District of Delaware is correct whether Nevada has jurisdiction or not.  Where transfer is the correct result regardless of a determination of jurisdiction in Nevada,

---

[7] *See* Defendants' Motion at pp. 1 – 2 ("[. . .] the action should be transferred to the District Court for the District of Delaware") and p. 3 ("But even if the Court could exercise personal jurisdiction over Defendants, and even if it determines that venue could be proper here, the matter should still be transferred to the District of Delaware in the interests of justice and for the convenience of the parties and witnesses.") and pp. 20 – 21 ("the court should transfer to the District of Delaware because (1) it is where [the] action could have been brought, and (2) there is already a pending action in Delaware with substantially similar parties and surrounding similar facts.")

[8] *See* Defendants' Motion at pp. 20 – 21 ("[. . .] the court should transfer to the district of Delaware because (1) it is where [the] action could have been brought[.]")

it would be a significant waste of the parties' and the court's resources for Plaintiffs to respond in detail to the extensive arguments set forth by Defendants' Motion regarding Nevada's jurisdictional claims, or for the Court to expend time and resources addressing the merits of the jurisdictional motion. Such efforts would potentially require evidentiary determinations and may therefore require an evidentiary hearing with the parties attending.[9] Such an exercise would thwart basic notions of efficiency and justice when Plaintiffs are not opposed to transfer to a district that Defendants agree is appropriate, and in which Defendants have filed their own claims.

### III.   DISMISSAL RATHER THAN TRANSFER WOULD BE AN UNJUST AND INEFFICIENT RESULT

Defendants' Motion argues that the Court should dismiss rather than transfer this case,[10] despite also acknowledging that the District of Delaware is an appropriate venue for this matter.[11] Defendants' argument contradicts the general principle of this Circuit that transfer, rather than dismissal, will typically "be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating,'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (*quoting Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

Plaintiffs' Nevada Complaint is the first and only case filed by the Plaintiffs who reside or operate in Nevada and is nothing like the cases cited by Defendants. In the lead case cited by Defendants, the plaintiff had filed claims against 253 defendants and outside of the applicable

---

[9]  *See e.g. Hygenize Corp. v. EN Corp. USA*, No. 2:21-cv-02137-JLS-GJS, 2021 U.S. Dist. LEXIS 245218, at *8 n.3 (C.D. Cal. Oct. 27, 2021) ("The district court has discretion to hold an evidentiary hearing on a Rule 12(b)(2) motion to resolve 'issues of credibility or disputed questions of fact' raised in the pleadings and other submitted materials. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)").

[10]  *See* Defendants' Motion at p. 20 (under heading "The Court Should Dismiss Rather Than Transfer").

[11]  *See* fn. 7, supra.

statute of limitations, resulting in ten years of unnecessary litigation.[12]  In another of Defendants'
examples, transfer was denied because the plaintiff disclaimed an intent to proceed in the
appropriate district.[13]  In an even more egregious comparison, Defendants' raise a case involving
a "frequent litigator in various federal district courts"[14] who had filed a complaint against 350
defendants in contravention of the Federal Tort Claims Act's jurisdictional requirements, resulting
in a *sua sponte* dismissal and an injunction preventing the litigant from "filing any further action
or papers in [the District of Nevada] without obtaining leave of court."[15]  Lastly, Defendants stretch
to include a case in which 116 plaintiffs filed claims in Maryland despite no plaintiff residing in
Maryland and then causing five years of proceedings in Maryland before seeking transfer.[16]

None of those fact patterns is remotely similar to the present circumstances.  Plaintiffs
here sued Defendants in Plaintiffs' place of residence, alleging claims arising from injuries
suffered in Nevada.  This is the first and only action they have commenced, and there is no question
that the claims asserted in this action will be litigated somewhere.  Where Defendants have already
sued Plaintiffs in Delaware, and where Plaintiffs are willing to move their case to Delaware to save
all parties unnecessary fees and expenses, it is in the interest of justice to transfer Plaintiffs' case

---

[12]  *See Wood v. Santa Barbara Chamber of Commerce, Inc*, 705 F.2d 1515 (9th Cir. 1983) (cited in Defendants' Motion at p. 20).

[13]  *See Johnson v. Payless Drug Stores Nw., Inc.,* 950 F.2d 586 (9th Cir. 199) (cited in Defendants' Motion at p. 20 with explanation that "plaintiff disclaimed any intent to prosecute lawsuit in appropriate district").

[14]  *Anaeme v. United States,* 2012 U.S. Dist. Lexis 132457 at *4 (E.D. Wash. Sep. 17, 2012) (cited in Defendants' Motion at p. 20).

[15]  *See id.* *4-5.

[16]  *See Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1202 (4th Cir. 1993) (stating that defendant was required to defend action for period of five years and that dismissal without transfer was not an abuse of discretion under the circumstances).

to the District of Delaware—a district where all parties have now agreed to litigate.[17]  Plaintiffs respectfully request that this Court transfer this case and, in so doing, follow the general rule in the Ninth Circuit favoring transfer over dismissal in nearly all circumstances.

### IV.    CONCLUSION

Expediently transferring this matter to the District of Delaware will promote efficiency and justice. The Court should therefore order the same.

DATED this 1st day of February 2024.

**MICHAEL BEST & FRIEDRICH LLP**

/s/ Bradley W. Madsen
Bradley Madsen
Nevada Bar No. 11644
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Telephone: 801.833.0500
Facsimile:  801.931.2500
bwmadsen@michaelbest.com

*Attorneys for Plaintiffs Krishna Okhandiar*
*and Remilia Corporation LLC*

---

[17]  Defendants' Delaware case includes an individual, Bruno Nispel, not currently identified by Plaintiffs' Nevada case and also names Remilia Industries LLC while alleging "Okhandiar is RemIndustries' only member." Case No. 1:23-cv-01056-GBW, Complaint at ¶ 12.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

     I hereby certify that on February 1, 2024, I electronically filed the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(3), OR ALTERNATIVELY TO TRANSFER PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)** with the Clerk of the Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF systems and thereby served it upon participants in the case who are registered CM/ECF users.

/s/ Bradley W. Madsen