Dawn L. Davis, Esq.
Nevada Bar No. 13329
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: ddavis@swlaw.com

Jonathan P. Hersey, Esq. (*pro hac vice*)
Lea E. Gierut, Esq. (*pro hac vice*)
K&L GATES LLP
1 Park Plaza, 12th Floor
Irvine, California 92614
Telephone: (949) 253-0900
Facsimile: (949) 253-0902
Email: jonathan.hersey@klgates.com
       lea.gierut@klgates.com

*Attorney for Defendants*
*John Duff III, Henry Smith, and Maxwell Roux*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KRISHNA OKHANDIAR, an individual, and REMILIA CORPORATION LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DUFF III, an individual, HENRY SMITH, an individual, and MAXWELL ROUX, an individual,<br><br>Defendants. | Case No. 2:23-cv-1409- APG-EJY<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(3), OR ALTERNATIVELY TO TRANSFER PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)** |

**I.**

**INTRODUCTION**

Plaintiffs' Opposition ("Opp.") to the Motion to Dismiss does not even attempt to offer any facts, argument or legal authority warranting an exercise of personal jurisdiction over these Defendants or a finding that venue is proper in this district. Instead, Plaintiffs' sole response to the Motion is that the case should be transferred rather than dismissed to avoid the potential need for an evidentiary hearing on the jurisdiction and venue issues, and because the parties are involved in

1 a related lawsuit in Delaware. Opp. at 2:8-16 and 4:4-6 & fn. 9. According to Plaintiffs, "[u]nder the circumstances, transfer of Plaintiff's case to the District of Delaware is the most just and efficient way to dispose of Defendants' Motion." Opp. at 2:20-3:2. Quite the opposite though. Transferring this case to Delaware would neither be the most efficient nor the most just outcome. Plaintiffs' assertions are as disingenuous as they are specious.

There is no need for this Court to hold an evidentiary hearing. Defendants' objections and evidence to personal jurisdiction and venue are entirely unanswered. Despite having an opportunity to provide their own evidence and arguments, Plaintiffs cannot now avoid their responsibilities and obligations to prove the reasons for their assertion of jurisdiction and venue in this Court by consenting to a transfer to avoid a hearing that it not necessary, that they are not entitled to, and to which they would certainly lose.[1] The most expedient result is for the Court to simply grant the Motion to Dismiss. *See Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011) (courts can resolve personal jurisdiction and venue on the basis of affidavits or declarations alone, especially when that evidence is uncontested).

Since this Court does not have personal jurisdiction over the Defendants and venue in this district is so obviously improper, the only remaining question before the Court is whether Plaintiffs have met their burden to show that the interests of justice support a transfer rather than dismissal. They clearly have not. From the courts' and the parties' perspectives, dismissal is the most efficient path. No files will need be packed or transferred to Delaware, there will be no delay while the case is transferred, and the Delaware court will not be required to a open a new case involving the same claims and parties already pending that would require the parties to then file a motion to consolidate the transferred case into the already-existing case. If Plaintiffs were truly concerned about saving resources, they must agree that the most efficient and expedient result would be to dismiss this case and immediately refile the same claims as compulsory

---

[1] Had Plaintiffs believed sufficient evidence of personal jurisdiction and venue exists outside of their control, they could have requested discovery. *See LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864 (9th Cir. 2022) (A plaintiff can request jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003))). Their failure to do so is telling.

1    counterclaims in the pending Delaware action. Indeed, given that they have now magnanimously
2    consented to a transfer, there is no reason why they should not have already voluntarily dismissed
3    this case and filed their counterclaims in Delaware resulting in one case with all parties and all
4    related claims without the need for transfer and consolidation.

5        The Court should grant the Motion to Dismiss for lack of personal jurisdiction and
6    improper venue. To grant a transfer would not only be more burdensome for this Court and the
7    Delaware court, it would unjustly reward Plaintiffs for the tactical gamesmanship they employed
8    by rushing into this Court without any good faith basis for jurisdiction or venue here.

## II.

### THE COURT LACKS PERSONAL JURISDICTION AND VENUE IS IMPROPER

11       Other than simply re-asserting the allegations in their Complaint that Okhandiar is a resident
12   of Nevada and that Remilia Corp.'s principal place of business is now in Las Vegas (Opp. at 2:2-
13   3), Plaintiffs make no argument and provide no evidence supporting their claim that the personal
14   jurisdiction and venue are proper here. Despite their rhetoric, it is frankly unfathomable how they
15   ever felt "confident that jurisdiction and venue in Nevada are proper" (Opp. at 2:17), much less
16   how they can still assert such confidence with a straight face given the utter lack of legal support
17   or evidence for their claims.

18       As discussed in Defendants' Motion, Plaintiffs have the burden of establishing the
19   appropriateness of the Court's exercise of personal jurisdiction over the Defendants. Fed. R. Civ.
20   P. 12(b)(2); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "'[M]ere bare bones'
21   assertions … or legal conclusions unsupported by specific factual allegations" are not sufficient to
22   establish even *prima facie* grounds for jurisdiction, much less provide a basis to overcome the
23   evidence and arguments that Defendants presented in their Motion. Motion at 5:19-27 (citing and
24   quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) and *Swartz v. KPMG LLP*, 476
25   F.3d 756, 766 (9th Cir. 2007), and Motion at 8:25-27 (citing *Data Disc, Inc. v. Systems Tech. Assoc.,*
26   *Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) for the proposition that courts may not assume the truth
27   of jurisdictional allegations in a complaint that are contradicted by defendants' sworn testimony
28   and documentary evidence)).

Yet, that is all Plaintiffs' Opposition does; it simply reasserts the same baseless and conclusory grounds for jurisdiction alleged in the Complaint that they rushed into this Court without proper basis. When challenged, Plaintiffs have chosen not to make a single argument or provide any evidence why this Court ever had personal jurisdiction over any of the three Defendants. *See* Motion at 6:13-18:16 (rebutting Plaintiffs' allegations of general and specific jurisdiction, and particularly describing why none of the Defendants has sufficient minimum contacts with this state and none of the circumstances or events purportedly giving rise to Plaintiffs' claims occurred here or were directed at Nevada); *see also* Declarations of Duff, Smith and Roux, describing their lack of contacts with Nevada. The facts that Okhandiar recently moved to Nevada *after* the alleged contracts were formed and that he registered Remilia as a foreign corporation with its principal place of business here *after* filing the complaint (*see* Hersey Decl. iso Motion, at ¶ 2 & Exh. 1) are entirely irrelevant. Motion, at 7:23-8:5 (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017), *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017), and *Walden v. Fiore,* 571 U.S. 277, 286 (2014) for the law that a plaintiff's relationship to the forum is not relevant because questions of personal jurisdiction concern due process based on the relationship between only the defendant, the forum, and the litigation)).

Likewise, Plaintiffs abandoned any attempt to satisfy their burden of proving proper venue in this Court. Fed. R. Civ. P. 12(b)(3); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598. F.2d 491, 496 (9th Cir. 1979) (when challenged, proof of proper venue rests with the plaintiff). The Opposition makes no distinction between personal jurisdiction and venue, and like the jurisdiction issue, fails to make a single argument or provide a scintilla of evidence why venue is proper here.[2] It is clearly not. *See also* Motion, at 18:24-20:2 (describing reasons why venue is not proper).

Plaintiffs rushed to this courthouse to gain a strategic and home-court advantage without any reasonable and good faith basis to believe that the Defendants are subject to an exercise of personal jurisdiction or proper venue here. *See* Hersey Decl. iso Motion, ¶¶ 3-9 (describing how

---

[2] Venue can be predicated on personal jurisdiction, but not the reverse. *See* 28 U.S.C. § 1391; *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah,* No. C-07-6475 EDL, at *5 (N.D. Cal. Mar. 12, 2008).

Plaintiffs, in response to Defendants' demand letter, requested that the parties not engage in litigation and keep the dispute private, but then use the time they said they needed to respond to the demand letter to prepare and file their Complaint in this Court). For the reasons described below, this is precisely the type of groundless forum-shopping that courts have repeatedly held countenances against a discretionary transfer and in favor of dismissal.

## III.

## THE CASE SHOULD BE DISMISSED, NOT TRANSFERRED

Where, as here, a court lacks personal jurisdiction or venue, the default is to dismiss the case. Fed. R. Civ. P. 12(b)(2) & 12(b)(3). A court lacking personal jurisdiction or when venue is improper may only exercise discretion to transfer to a different court if the plaintiffs who filed the case in the improper court prove that the interests of justice will be better served by transfer rather than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-467 (1962) (holding that the language of 28 U.S.C. § 1406(a) is "broad enough to authorize the transfer of cases" when the district court lacks personal jurisdiction, but noting that a transfer "may" only be required upon proof that the plaintiff would be "penalized by 'time-consuming and justice-defeating technicalities' " if the case is dismissed).

For the reasons discussed below, Okhandiar and Remilia Corp. fail to carry that burden. Not only would Plaintiffs not be penalized by dismissal, a dismissal would be more judicially and economically expedient than a transfer for the courts and the parties. The interests of justice therefore support dismissal, not transfer.

**A.  Plaintiffs Bear the Burden of Proving that the Court Should Exercise Its Discretion to Transfer by Showing that the Interests of Justice Will be Better Served by Transfer Rather than Dismissal.**

**1.  Because Plaintiffs Concede Venue is Improper, Transfer is Not Authorized by 28 U.S.C. § 1404(a).**

As an initial matter, Plaintiffs' assertion that their consent permits the Court to transfer pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses is misplaced. *See* Opp. at 3:3-12. A transfer "to a more convenient forum under 28 U.S.C. § 1404(a) requires venue to be proper in the first instance." *Skillnet Sols., Inc. v. Ent. Publications, LLC*, No. C 11-4865

PSG, 2012 WL 692412, at *6 (N.D. Cal. Mar. 2, 2012); *accord Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992) ("To support a motion for transfer [under section 1404(a), the requesting] party must show: (1) *that venue is proper in the transferor district*; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." (emphasis added)). Section 1404(a) is therefore inapplicable and cannot support a transfer.

### 2. 28 U.S.C. § 1631 and 28 U.S.C. § 1406 Require Plaintiffs to Prove that the Interests of Justice Will be Better Served by a Transfer Instead of Dismissal.

Under the plain language of 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a),[3] courts may exercise discretion to transfer despite lacking personal jurisdiction over the defendants only if the transfer "is in the interest of justice." *Goldlawr*, *supra*, 369 U.S. at 466; *Cirafici v. City of Ithaca*, 968 F.2d 1220 (unpublished table decision), 1992 WL 149862, at *1-*2 (9th Cir. 1992) ("[O]nly in rare instances have appellate courts overridden a trial court's decision not to transfer." (quoting *Allen v. Scribner*, 812 F.2d 426, 437 (9th Cir.1987)). Transfer is not required simply because the plaintiff consents, or because the plaintiff asserts that some minimal level of convenience might be achieved. The plaintiff, which chose to file in a court lacking jurisdiction, must provide legitimate reasons supported by evidence why the transfer is needed when compared to the effects of a dismissal. *Id.* at *2 ("[The plaintiff] offered no reason for his request [to transfer] and provided no declaration or affidavit in support of his motion. Thus, [the plaintiff] failed to meet his burden of demonstrating transfer was appropriate.").

The Opposition stretches the holding of *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) to assert that courts should "typically" or "normally" transfer rather than dismiss. *See* Opp. at 4. That is not true. In *Miller,* the Ninth Circuit held that it was an abuse of discretion for the district court to dismiss an action *sua sponte* for lack of personal jurisdiction without allowing the plaintiff to show why a transfer was needed to serve the interests of justice. It did not decide that transfers are presumptively proper whenever a court lacks personal jurisdiction. That would be

---

[3] Plaintiffs' Opposition does not mention 28 U.S.C. § 1406(a).

contrary to Federal Rule of Civil Procedure 12(b)(2) and the progeny of cases cited above that recognize the plaintiff's obligation to provide evidence supporting a transfer request instead of dismissal.

The default to dismissal rather than transfer is especially strong when the defendant challenging jurisdiction and venue has suffered prejudice from the plaintiffs' misfiling and when the plaintiff cannot demonstrate why it will be irrevocably penalized if the case is not transferred, such as by being precluded from refiling in a proper district because of an expired statute of limitations. *See Nichols v. G.D. Searle & Co.* 991 F2d 1195, 1201 (4th Cir. 1993) ("[A] district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney." (collecting cases)).[4]

**B.     The Interests of Justice Do Not Support a Transfer Instead of Dismissal.**

To be clear, Defendants only requested a transfer as an alternative to dismissal if this Court first concluded that personal jurisdiction exists and venue is proper here. Motion at 20:3-21:26. In light of Plaintiffs' concessions, no alternative transfer is needed. Indeed, even if courts were generally required to presume in favor of transfer rather than dismissal, Plaintiffs in this case have utterly failed to show that the interests of justice require this Court to exercise its discretion to transfer this case rather than dismiss.

Courts have considered three reasons when analyzing whether the interest of justice support a transfer: (1) judicial economy and whether transfer eliminates the delay and additional expense associated with reinstituting suit in another forum; (2) evidence that the plaintiff acted in bad faith or frivolously when it brought the action in the incorrect forum; and (3) whether the plaintiff will

---

[4] Plaintiffs attempt to distinguish *Nichols* from the facts here is not persuasive. *See* Opp. at 5 fn. 16. *Nichols* supports the position that it is not in the interest of justice to transfer when a plaintiff has suffered prejudice, such as by being forced to hire local counsel and expend fees in an improper court, because the plaintiff acted in bad faith, frivolously, or with clear error. *See Nichols v. G.D. Searle & Co.* 991 F2d 1195, 1201 (4th Cir. 1993).

1  suffer severe or irreparable prejudice by the dismissal instead of transfer.

2  First, neither judicial economy nor expenses would best be served by a transfer rather than dismissal.[5] The mere fact that Defendants have a pending lawsuit against these Plaintiffs in Delaware is not sufficient evidence that transferring this case would be more judicially economical and efficient than simply dismissing this action. Transfer would require re-opening of a new case in Delaware only to have the parties then need to file a motion to consolidate the transferred case into the already pending case. Plaintiffs can (and should have already) filed the same claims against the same parties as compulsory counterclaims in the pending Delaware action. The most efficient and least burdensome solution would be for this Court to dismiss this action (better yet for Plaintiffs to voluntarily dismiss this action) and bring their claims as compulsory counterclaims in the current Delaware action.

Plaintiffs' disingenuous proclamation that transfer rather than dismiss would save the parties and the Court resources is not well taken. Plaintiffs' procedural tactics up to this point, including requiring Defendants to file this Motion, have wasted both the Defendants' and the Court's time and resources. Plaintiffs clogged this Court's docket, required Defendants to obtain local counsel and expend fees drafting the Motion to now sheepishly abandon any effort to prove jurisdiction and venue with the hope that it can receive a transfer instead of dismissal. The parties have not addressed the merits of the claims or even started discovery yet in the Delaware action, so there is no concern that the parties will have to start over there.[6] Plaintiffs will just file the same claims against the same parties in the same action there, which they will be required to do anyway even of the cases are eventually consolidated after transfer. All of that can be avoided by a dismissal.

Second, courts have found that it is not in the interest of justice to transfer rather than

---

[5] "Where dismissal would be time consuming and justice defeating, transfer is generally consistent with the "interest of justice" because it normally eliminates a delay and additional expense associated with reinstituting suit in another forum. *Citizens for a Better Env't-California v. Union Oil Co. of California*, 861 F. Supp. 889, 898 (N.D. Cal. 1994), aff'd, 83 F.3d 1111 (9th Cir. 1996), as amended (July 16, 1996) (quoting *Banque de la Mediterranee–France, S.A. v. Thergen, Inc.*, 780 F. Supp. 92, 95 (D. R.I. 1992)); *see also Goldlawr,* 369 U.S. at 467.

[6] Plaintiffs have not even served Defendant Henry Smith with service of process yet.

- 8 -

dismiss the action when there is evidence that the matter was brought in the forum frivolously, in bad faith, or to harass the defendants. *See Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (collecting cases); *Cirafici*, 1992 WL 149862, at *2 (9th Cir. 1992) (finding it was not in the interest of justice to transfer where the plaintiff deliberately chose to file the action in Nevada instead of New York because the plaintiff thought it would provide a strategic advantage on the statute of limitations); *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006) (transfer not appropriate when plaintiff chose to file in an improper district when it likely knew that jurisdiction and venue were proper in the transferee court); *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009) (affirming dismissal of case rather than transferring to district that plaintiff's attorney "undoubtedly knew was the correct one all along" even though the statute of limitations had run and barred refiling in another district).

In *Stanifer*, the Sixth Circuit upheld the district court's decision to exercise its discretion and dismiss under section 1406(a), rather than transfer the action, because the interest of justice would not be served by a transfer. *See* 564 F.3d at 460-61. The plaintiff filed the complaint in the closest federal court to him, Kentucky, "without having the slightest reason to believe that he could obtain personal jurisdiction over the Defendants there." The district court reasoned, and the Sixth Circuit agreed, that whether the plaintiff deliberately or carelessly filed in the wrong district should not be excused as a "justice-defeating technicality." *Id.* at 458-59. Because the "plaintiff misused the processes of the Court, the interests of justice are not well served by allowing Plaintiff to maintain his suit as filed." *Id.* at 457; *see also Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[A]llowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.").

Plaintiffs attempt to distinguish *Wood v. Santa Barbara Chamber of Com., Inc.* misses the point. Opp. at 5 (citing *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1522 (9th Cir. 1983)). In *Wood*, the Ninth Circuit affirmed the Nevada District Court's decision to dismiss rather than transfer even though dismissal would time bar plaintiffs' claims. The Ninth Circuit agreed that the district court properly balanced this interest with the fact that the "plaintiff knew where [defendants] should have been sued, and there was no good reason for him not to sue them

in California." *See Wood v. Santa Barbara Chamber of Com., Inc.*, 507 F. Supp. 1128, 1139 (D. Nev. 1980). *Wood* is merely an example of how courts do not approve of plaintiffs making strategic decisions to file in a knowingly improper forum thinking that they can simply later request a transfer to the proper district. *See also Anaeme v. United States*, 2012 U.S. Dist. LEXIS 132457, at *4 (E.D. Wash. Sep. 17, 2012) (same).

This is precisely what Plaintiffs have done. After requesting time to respond to Defendants' demand letter, Plaintiffs ran to the nearest federal courthouse despite being able to allege and prove any facts demonstrating the Court's personal jurisdiction over Defendants or that venue is proper here. *See* Motion at 21. In a rush to gain a strategic "we filed first" and home court advantage, they simply disregarded the law and any semblance of Defendants' due process rights. In doing so, they have also unnecessarily and wastefully impacted the Court's and Defendants' resources. It was frivolous and in bad faith for Plaintiffs to file here, and they should not be rewarded with a transfer that will cause more expenses and delay for the Court and Defendants than a dismissal.[7]

Lastly, Plaintiffs do not make any argument—much less provide any evidence—that they will be prejudiced by a dismissal instead of transfer. *See cf. Strickland v. BAE Sys. Tactical Vehicle Sys., LP*, 2013 WL 2554671, at *6 (D. Idaho June 10, 2013) (finding that it was in the interest of justice to transfer because the plaintiff would have likely been barred by the statute of limitations if the case was dismissed). Unlike in *Strickland,* Plaintiffs do not face the possibility that any claims will be time-barred if the Court grants the Motion to Dismiss. Plaintiffs can simply refile their same claims against the same parties in the already pending action in Delaware, and none of the parties or the Delaware court will be burdened with a motion to consolidate the two actions after transfer.

///

///

---

[7] Plaintiffs have also already wasted the Court's and the parties' time in Delaware by informing that Court that it lacks jurisdiction and venue and intends to pursue its claims in Nevada, at least until faced with the need to prove its claims of jurisdiction and venue here. *See* Notice of Removal filed by Okhandiar and Remilia Corp. in Delaware, at ¶ 16 (attached as Exh. 1 to the Reply Declaration of Jonathan P. Hersey in support of Motion to Dismiss).

## IV.

## CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety for lack of personal jurisdiction and improper venue.

DATED: February 8, 2024.                           SNELL & WILMER L.L.P.

By: */s/ Dawn L. Davis*
　　Dawn L. Davis, Esq.
　　Nevada Bar No. 13329
　　3883 Howard Hughes Parkway, Suite 1100
　　Las Vegas, Nevada 89169

　　Jonathan P. Hersey (*pro hac vice*)
　　Lea E. Gierut (*pro hac vice*)
　　K&L GATES LLP
　　1 Park Plaza, Twelfth Floor
　　Irvine, California 92614

　　*Attorneys for Defendants John Duff III, Henry Smith, and Maxwell Roux*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(3), OR ALTERNATIVELY TO TRANSFER PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Lyndsey Luxford*
An employee of SNELL & WILMER L.L.P.

4881-8259-2420