1                       **UNITED STATES DISTRICT COURT**

2                             **DISTRICT OF NEVADA**

3   KRISHNA OKHANDIAR and REMILIA            Case No.: 2:23-cv-01409-APG-EJY
    CORPORATION LLC,
4                                            **Order Transferring Case**
            Plaintiff
5                                            [ECF No. 9]
    v.
6
    HENRY SMITH, MAXWELL ROUX, and
7   JOHN DUFF, III,

8           Defendants

9       The defendants move to dismiss or transfer, arguing that this court lacks personal

10  jurisdiction over them and is an improper venue.  In the alternative, the defendants request a

11  transfer to the District of Delaware.  The plaintiffs respond by agreeing to the case being

12  transferred to the District of Delaware.

13      Under 28 U.S.C. § 1406(a), a district court may dismiss a case that is filed in an improper

14  venue, or the court may, "in the interest of justice," transfer the case to any district "in which it

15  could have been brought."  Section 1406(a)'s language "is amply broad enough to authorize the

16  transfer of cases, however wrong the plaintiff may have been in filing his case as to venue,

17  whether the court in which it was filed had personal jurisdiction over the defendants or not."

18  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  Factors to consider in determining whether

19  transfer is in the interest of justice include "whether the statute of limitations would otherwise

20  run, the convenience of parties and witnesses, and whether efficient and expeditious

21  administration of justice would be furthered." *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir.

22  1977).  "Normally transfer will be in the interest of justice because normally dismissal of an

23  action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v.*

*Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc.*, 369 U.S. at 467 and

evaluating similar "interest of justice" language in another transfer statute).

The parties agree that this case could have been brought in the District of Delaware. The

convenience of the witnesses and parties favors transfer given that the defendants have filed an

action against the plaintiffs in Delaware that has been removed to the District of Delaware. As

the parties are already litigating a case in that district that involves these same parties[1] and issues,

transfer is in the interest of justice. Although the defendants suggest that dismissal is more

efficient, a simple stipulation to consolidate the two actions upon transfer should take little time,

effort, or resources on the part of the parties or the Delaware court.

I THEREFORE ORDER that the defendants' motion to dismiss or alternatively to

transfer **(ECF No. 9) is GRANTED in part**. This case is transferred to the District of Delaware

for all further proceedings.

DATED this 12th day of February, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] There are additional parties in the Delaware action.